## Davis et al. v. Motor Car Finance Co.

(Decided June 3, 1938.)

RAYMOND C. ARNY for appellants.

G. E. WADE and THOMAS MAPOTHER, JR., for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

Beaulah Davis and her husband, Robert L. Davis, sought by this action in equity to secure the rescission and cancellation of certain contracts made with the defendants, Motor Car Finance Company and Sackett Motors, Inc., and to recover of them $499.78, which they had paid thereon. Their petition was dismissed and the Motor Car Finance Company recovered of the plaintiffs $12.95 and the plaintiffs have appealed.

### Jurisdiction.

The jurisdiction of this court is determined by the amount in controversy, and in this case that is the

$499.78 which the plaintiffs sought to recover, plus the $12.95 that was recovered against the plaintiffs, or the sum of $512.73, hence this court has jurisdiction of this appeal.

## The Facts.

On the 13th of June, 1935, the plaintiffs bought from Sackett Motors, Inc., an automobile for which the price was:

List price of Ford No. 18-1795237

| | |
|---|---:|
| (Car No. F-439) | $575.00 |
| Freight and delivery | 26.50 |
| Conditioning and handling | 13.50 |
| Extra tail light and horn | 11.07 |
| Accessories | 31.50 |
| Red wheels | 5.12 |
| White side wall tires | 12.12 |
| Sales tax | 20.40 |
| License | 4.10 |
| Manufacturer's tax | 18.47 |
| Total | $717.78 |

The plaintiffs were unable to pay this much money at that time and arranged with the Sackett Motors, incorporated, to have the Motor Car Finance Company finance this transaction for them, and it added for the latter's services, insurance, etc., $285, making a total of $1,002.78, for which sum the plaintiffs signed a contract with the Sackett Motors, incorporated. The plaintiffs paid then $242.78 and executed their note to the Sackett Motors, incorporated, for the balance of $760, secured by a lien on the automobile. The contract for the purchase of this automobile, the lien created by it to secure the $760 note, and that note, were assigned to the Motor Car Finance Company and it paid to Sackett Motors, Inc., the $475 balance due it after deducting this $242.78 cash payment from the $717.78.

The plaintiffs began the use of this car in the taxi business and in July, 1935, this car was used to transport some colored women to Chicago to a prize fight, and on that trip the car was wrecked. The plaintiffs paid for such minor repairs as would enable them to return to Louisville. There the car was fully repaired and the Motor Car Finance Company paid $62 for these repairs for the plaintiffs, and on August 27, 1935, took

from the plaintiffs a note for $102 for such repairs. It is this $102 note and the $760 which the plaintiffs are seeking to cancel. It is agreed that after buying the car the plaintiffs paid $257 on these notes. It is this $257 and the $242.78 cash payment, made when the car was bought, or a total of $499.78 for which the plaintiffs sought to recover. Sackett Motors, incorporated, went into bankruptcy and thus it faded out of the picture.

On the 25th of March, 1936, the plaintiffs notified the Motor Car Finance Company that this car had been in another accident and gave to it the location of this car and advised it to take charge of the car. The Finance Company did take charge and thereafter it notified the plaintiffs by registered letter that on the 7th day of April, 1936, it would sell this car to the highest bidder, a right which it had under the terms of this contract. The car was sold and brought the sum of $280 which the Motor Car Finance Company received. Out of this sum it paid the balance due on the $102 note and credited the remainder upon the $760 note, which it contends left a balance due thereon of $303, for which it sought a judgment against the plaintiffs. After striking out the usury which the court found was contained in these contracts, there was left on this $303 claim and interest, a balance of $12.95 for which the Motor Car Finance Company was given a judgment as stated above.

### The Action of the Trial Court.

Nothing is better settled than when a rescission of a contract is sought the plaintiff must restore the defendant to the position he occupied before the contract was made. That means that the plaintiffs in this case must repay to the Motor Car Finance Company the $475 it had paid for them to the Sackett Motors, Incorporated, and the $62 it had paid for them upon the repairs of this automobile after the first wreck, or a total of $537. This is an action for rescission of these contracts. That was the prayer of the petition and that petition was never amended. Hence this $537 must be repaid to the Motor Car Finance Company before the plaintiffs can recover anything against it.

Plaintiffs contended that it was a part of the oral agreement for the financing of the purchase of this

550

car that the Motor Car Finance Company should procure for the plaintiffs a policy of insurance, by which the plaintiffs would be protected from all loss resulting to the car in a collision except the first $50 and that a portion of this $285 was charged for that purpose. No such agreement was contained in the written contract and plaintiffs alleged it was omitted by mistake, and they sought to have the contract so reformed as to include such and to recover of the Motor Car Finance Company for failure to procure such insurance. The Motor Car Finance Company denies that and the evidence supports that denial. This question was sharply presented when the car was repaired after the first collision, yet Robert L. Davis made no mention of such insurance then and executed the $102 note to pay for those repairs. The trial court did not err in refusing to reform this contract.

Whether these contracts be rescinded or enforced as written the net result to the appellants is about the same. If the contracts be rescinded, the appellants must pay to the Motor Car Finance Company the $537 it paid out for them. If the contracts be enforced as written, then appellants must pay the Motor Car Finance Company the $760 note and the $102 note, less the usury therein. In either case the only credits to which they are entitled are the $257 paid in partial payments and the $280 obtained when the car was sold at auction. The cash payment of $242.78 was paid before these notes were executed and was not paid to the Motor Car Finance Company, but to the Sackett Motors, Inc. The appellants received full credit for it, else they would have had to give a note for $1,002.78, instead of $760.

The trial court found the balance due to be $12.95. We are unable to find any error in that finding.

The judgment is affirmed.